UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEON SCOTT,<br>　　　　Plaintiff,<br>　　v.<br>ERIC ARNOLD,<br>　　　　Defendant. | Case No. 16-cv-06584-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

   Petitioner, a state inmate, has a filed a petition for writ of habeas corpus.  The petition arises out of his April 2013 conviction in San Francisco County Superior Court for first-degree murder and subsequent sentence to a total of 86 years to life.

   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal of a petition is appropriate only where the petition's allegations are vague, conclusory, palpably incredible, or patently frivolous or false.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

   Petitioner raises two claims for jury misconduct.  First, Petitioner claims that he is entitled to a new trial due to a juror's implied bias.  He contends that, because the jury foreperson lied on his jury questionnaire by concealing that he had been convicted of a misdemeanor in 2009 following a jury trial in which he was represented by an attorney from the same office that represented Petitioner—the San Francisco Public Defender's Office ("Public Defender")—he is

entitled to a new trial under *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984). In *McDonough* the Supreme Court held that a party must be granted a new trial if he demonstrates that he would have had a valid basis for a challenge for cause if a juror had answered honestly a material question on *voir dire*. Petitioner argues that the Court of Appeal unreasonably applied federal law when it declined to apply *McDonough* to Petitioner's case. Second, Petitioner contends that he is entitled to a new trial because the jury foreperson was actually biased against him due to his negative feelings about the Public Defender's office following his own conviction.

Petitioner's claims, when considered in connection with the Petition's factual recitation, are sufficient to avoid summary dismissal and require an answer.

Accordingly, the Court orders as follows:

1. The Clerk of Court shall serve Respondent and Respondent's attorney, the Attorney General of the State of California, with a copy of this Order and the petition with all attachments.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the Petition. Petitioner may file a traverse within 30 days of the filing of Respondent's answer.

**IT IS SO ORDERED.**

Dated: November 17, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge